(February 28, 1973)

■ JOSEPH CRISAFULLI et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 50384.) (And Four Other Claims).—Judgment unanimously reversed, on the law and facts, and new trial granted, with costs to abide the event. Memorandum: The State appeals from a judgment of the Court of Claims declaring that claimants are entitled to recover damages sustained by them by reason of the negligence of the defendant which resulted in the flooding of claimants' muck farms at Beaver Meadow near Oneida River which is controlled by the State in the operation of its canal system. The farms are drained by Bell Creek and Sixmile Creek which converge, follow a defined course through Peter Scott Swamp and then empty into Oneida River at Big Bend midway between the New York State Barge Canal dam at Caughdenoy and the lock at Phoenix. A water level of at least 363 feet must be maintained at Phoenix to satisfy navigational requirements of the canal system and in the month of September the water level was usually maintained at between 364.4 feet and 364.8 feet so that enough reserve water would be available for use in maintaining proper canal water levels. On September 10, 11 and 12, 1968, rainfall in the area of claimants' farms, as shown in the Weather Bureau records of five nearby weather stations, ranged from 2.13 inches to 3.15 inches. It was a storm that had a recurrence factor of about once in 15 years. The water level of the river at Phoenix rose to 363.9 feet at 6:00 P.M. on September 11 and to 364.2 feet at midnight. It peaked at 364.4 feet at 6:00 A.M. on September 12 and dropped to 364.1 feet at noon of that day. Claimants' lands were flooded on the morning of September 12. They allege in their respective claims that they were damaged from waters backing upstream in Bell Creek due to failure of the State to open flood gates at Phoenix resulting in flooding of their muck farms. In support of their claims they testified that on September 11, 1968 they went down to Big Bend where the creek emptied into Oneida River and observed that the water was rising in the creek and it was going uphill in reverse from Big Bend flowing north instead of south. The State's evidence that claimants' lands were eight feet higher than the river water level is corroborated by U. S. Geological Survey maps in evidence which show that the elevation of the river bank at Big Bend is 370 feet and the elevation of Beaver Meadow, where claimants' lands are located, is 380 feet. Claimants' engineer testified, however, that the elevation of claimant Arcidiacona's muck farm averaged about 369 or 370 feet and several points on claimant Carioti's farm were half a foot higher. If appellant's evidence were accepted, the trial court's finding that with the gates at Phoenix closed and the gates at Caughenoy opened the waters of Bell Creek reversed their flow and backed upstream would be contrary to natural laws and forces because unconfined water cannot run uphill and the water entering the creek from the river could not rise higher than its elevation in the river. It could not flow uphill to reach and flood claimants' farms if they were eight feet higher than the river water level. If claimants' evidence were accepted, however, there would be support for the trial court's findings. There being no satisfactory evidence based on actual surveys showing the difference in elevation between claimants' farms and the river, the decision is against the weight of the evidence. (Appeal from judgment of Court of Claims adjudging State to be liable for damages for

flooding.) Present — Del Vecchio, J. P., Marsh, Witmer, Moule and Henry, JJ.